IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| HENRY E. PATTERSON JR., | ) | 8:08CV456 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| ROBERT HOUSTON, Director of | ) | |
| Nebraska Department of Corrections, | ) | |
| and JON BRUNING, Attorney | ) | |
| General, | ) | |
| | ) | |
| Respondents. | ) | |

The court has conducted an initial review of the Petition for Writ of Habeas Corpus (filing no. 1) to determine whether the claims made by Petitioner are, when liberally construed, potentially cognizable in federal court. Petitioner has made seven claims.

Condensed and summarized for clarity, the claims asserted by Petitioner are:

Claim One: Petitioner was denied effective assistance of counsel *because* trial counsel (1) did not object to the amended Information, which was amended without proper 24-hour notice; (2) did not advise Petitioner of his right to 24-hour notice;[1] (3) waived Petitioner's "Arraignment/Not Guilty/Waiver of Appearance" without his presence and without giving him notice; (4) "coerced petitioner into an involuntary and unintelligent plea"; (5)

---

[1] Petitioner concedes that he signed a waiver of his right to 24-hour notice, but submits that he did so unknowingly, involuntarily, and unintelligently.

"ineffectively" advised Petitioner to give "yes" and "no" responses during the "colloquy of the arraignment"; and (6) did not object to "incorrect and false statements" by the prosecution during Petitioner's sentencing hearing.

Claim Two: Petitioner was denied effective assistance of appellate counsel.

Claim Three: The prosecution violated Petitioner's Fifth and Fourteenth Amendment rights when it amended the original Information from First Degree Assault to Attempted Second Degree Murder *because* "the crime of Attempt Second Degree Murder was not the correct charge to amend upon the petitioner" and, it amended the Information without proper 24-hour notice.

Claim Four: The conviction was obtained in violation of the privilege against self-incrimination *because* the trial court did not advise Petitioner of this privilege.

Claim Five: The trial court accepted an invalid plea *because* it accepted Petitioner's plea before making "factual findings and reading his constitutional rights."

Claim Six: The trial court imposed an "excessive invalid indeterminate sentence," in part because the trial court stated that Petitioner is not eligible for parole.

> Claim Seven: The trial court lacked jurisdiction over Petitioner because the amended Information was not properly filed.

Liberally construed, the court preliminarily decides that all seven of Petitioner's claims are potentially cognizable in federal court. However, the court cautions that no determination has been made regarding the merits of these claims or any defenses thereto or whether there are procedural bars that will prevent Petitioner from obtaining the relief sought.

Petitioner requests the appointment of counsel. (Filing No. 1.) "There is neither a constitutional nor statutory right to counsel in habeas proceedings; instead, [appointment] is committed to the discretion of the trial court." *McCall v. Benson,* 114 F.3d 754, 756 (8th Cir. 1997). As a general rule, counsel will not be appointed unless the case is unusually complex or the petitioner's ability to investigate and articulate the claims is unusually impaired or an evidentiary hearing is required. *See, e.g.*, *Morris v. Dormire,* 217 F.3d 556, 558-59 (8th Cir. 2000), *cert. denied,* 531 U.S. 984 (2000); *Hoggard v. Purkett,* 29 F.3d 469, 471 (8th Cir. 1994) (citations omitted). *See also* Rule 8(c) of the *Rules Governing Section 2254 Cases in the United States District Courts* (requiring appointment of counsel if an evidentiary hearing is warranted). In short, there is no need for the appointment of counsel at this time.

IT IS THEREFORE ORDERED that:

1. Upon initial review of the Petition for Writ of Habeas Corpus (filing no. 1), the court preliminarily determines that all seven of Petitioner's claims, as set forth in this Memorandum and Order, are potentially cognizable in federal court.

2. Petitioner's Motion for Appointment of Counsel (filing no. 1) is denied

without prejudice to reassertion.

3. The Clerk of the court is directed to mail copies of this Memorandum and Order and the Petition for Writ of Habeas Corpus (filing no. 1) to Respondent and the Nebraska Attorney General by regular first-class mail.

4. By November 28, 2008, Respondent shall file a motion for summary judgment or an answer. The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: November 28, 2008: deadline for Respondent to file answer or motion for summary judgment.

5. If Respondent elects to file a motion for summary judgment, the following procedures shall be followed by Respondent and Petitioner:

   A. The motion for summary judgment shall be accompanied by a separate brief, submitted at the time of the filing of the motion.

   B. The motion for summary judgment shall be supported by such state court records as are necessary to support the motion. Those records shall be contained in a separate filing entitled: "Designation of State Court Records in Support of Motion for Summary Judgment."

   C. Copies of the motion for summary judgment, the designation, including state court records, and Respondent's brief, shall be served upon Petitioner except that Respondent is only required to provide Petitioner with a copy of the specific pages of the record which are cited in Respondent's brief. In the event that the

      designation of state court records is deemed insufficient by Petitioner, Petitioner may file a motion with the court requesting additional documents. Such motion shall set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

    D.    No later than 30 days following the filing of the motion for summary judgment, Petitioner shall file and serve a brief in opposition to the motion for summary judgment. Petitioner shall submit no other documents unless directed to do so by the court.

    E.    No later than 30 days after the filing of Petitioner's brief, Respondent shall file and serve a reply brief.

    F.    If the motion for summary judgment is denied, Respondent shall file an answer, a designation, and a brief that complies with the terms of this order. (See the following paragraph.) The documents shall be filed no later than 30 days after the denial of the motion for summary judgment. ***Respondent is warned that the failure to file an answer, a designation, and a brief in a timely fashion may result in the imposition of sanctions, including Petitioner's release***.

6.    If Respondent files an answer, the following procedures shall be followed by Respondent and Petitioner:

    A.    No later than 30 days after the filing of the answer, Respondent shall file a separate brief. Both the answer and brief shall address all matters germane to the case including, but not limited to, the merits of Petitioner's allegations that have survived initial review,

and whether any claim is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, a statute of limitations, or because the petition is an unauthorized second or successive petition. *See, e.g.*, Rules 5(b) and 9 of the *[Rules Governing Section 2254](#) Cases in the United States District Courts*.

B. The answer shall be supported by all state court records which are relevant to the cognizable claims. *See, e.g.*, Rule 5(c)-(d) of the *[Rules Governing Section 2254](#) Cases in the United States District Courts*. Those records shall be contained in a separate filing entitled: "Designation of State Court Records In Support of Answer."

C. Copies of the answer, the designation, and Respondent's brief shall be served upon Petitioner except that Respondent is only required to provide Petitioner with a copy of the specific pages of the designated record that are cited in Respondent's brief. In the event that the designation of state court records is deemed insufficient by Petitioner, Petitioner may file a motion with the court requesting additional documents. Such motion shall set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D. No later than 30 days following the filing of Respondent's brief, Petitioner shall file and serve a brief in response. Petitioner shall submit no other documents unless directed to do so by the court.

E. No later than 30 days after the filing of Petitioner's brief, Respondent shall file and serve a reply brief.

7. No discovery shall be undertaken without leave of the court. *See* Rule 6 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

October 23, 2008.　　　　　　　　BY THE COURT:

　　　　　　　　　　　　　　　　*s/Richard G. Kopf*
　　　　　　　　　　　　　　　　United States District Judge