IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| HENRY E. PATTERSON JR., | ) | 8:08CV456 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| ROBERT HOUSTON, Director of | ) | |
| Nebraska Department of Corrections, | ) | |
| and JON BRUNING, Attorney | ) | |
| General, | ) | |
| | ) | |
| Respondents. | ) | |

This matter is before the court on Petitioner Henry E. Patterson Jr.'s ("Patterson") Petition for Writ of Habeas Corpus ("Petition"). (Filing No. 1.) Respondents filed an Answer and Brief on the merits of the Petition (filing nos. 9 and 16), State Court Records (filing nos. 10 and 24), and a Reply Brief (filing no. 22). Patterson filed a Brief on the merits of the Petition. (Filing No. 21.) This matter is therefore deemed fully submitted.

Liberally construing the allegations of the Petition, Patterson states that he is entitled to a writ of habeas corpus because:

> Claim One: Petitioner was denied effective assistance of counsel *because* trial counsel (A) did not object to the amended Information, which was amended without proper 24-hour notice; (B) did not advise Petitioner of his right to 24-hour notice; (C) waived Petitioner's "Arraignment/Not Guilty/Waiver of Appearance" without his presence and without giving him notice; (D) "coerced petitioner into an involuntary and unintelligent plea"; (E) "ineffectively" advised Petitioner to give "yes" and "no" responses during the "colloquy of the arraignment"; and (F) did not object to

|  |  |
|---|---|
|  | "incorrect and false statements" by the prosecution during Petitioner's sentencing hearing ("Claim One"). |
| Claim Two: | Petitioner was denied effective assistance of appellate counsel ("Claim Two"). |
| Claim Three: | The prosecution violated Petitioner's Fifth and Fourteenth Amendment rights when it amended the original Information from First Degree Assault to Attempted Second Degree Murder *because* "the crime of Attempt Second Degree Murder was not the correct charge to amend upon the petitioner" and, it amended the Information without proper 24-hour notice ("Claim Three"). |
| Claim Four: | The conviction was obtained in violation of the privilege against self-incrimination *because* the trial court did not advise Petitioner of this privilege ("Claim Four"). |
| Claim Five: | The trial court accepted an invalid plea *because* it accepted Petitioner's plea before making "factual findings and reading his constitutional rights" ("Claim Five"). |
| Claim Six: | The trial court imposed an "excessive invalid indeterminate sentence," in part because the trial court stated that Petitioner is not eligible for parole ("Claim Six"). |
| Claim Seven: | The trial court lacked jurisdiction over Petitioner because the amended Information was not properly filed ("Claim Seven"). |

(Filing No. 6 at CM/ECF pp. 1-3.)

## I. BACKGROUND

### A. Patterson's Conviction and Direct Appeal

On February 12, 2003, Patterson pled no contest to one count of Attempted Murder in the Second Degree and one count of Use of a Deadly Weapon to Commit a Felony. (Filing No. 10-9, Attach. 8, at CM/ECF p. 20.) Patterson was thereafter sentenced to serve a prison term of 40 to 40 years on the Attempted Murder count and 15 to 15 years on the Use of a Deadly Weapon count, to be served consecutively. (Filing No. 10-7, Attach. 6, at CM/ECF p. 16.) Patterson filed a timely direct appeal arguing only that the sentence imposed was excessive. (Filing No. 10-3, Attach. 2, at CM/ECF pp. 1-11.) The Nebraska Court of Appeals affirmed Patterson's sentence on September 4, 2003 and the Nebraska Supreme Court denied Patterson's petition for further review on his direct appeal on November 13, 2003. (Filing No. 10-2, Attach. 1, at CM/ECF pp. 1-2.)

### B. Patterson's Post Conviction Motion

On October 25, 2004, Patterson filed a verified motion for postconviction relief in the Douglas County, Nebraska District Court (the "Post Conviction Motion"). (Filing No. 10-8, Attach. 7, at CM/ECF pp. 28-37.) The Post Conviction Motion set forth three claims, encompassing some of Claim One, and Claims Two and Four. (*Id.*; *see also* Filing No. 24-2, Attach. 1, at CM/ECF p. 4.) In particular, Petitioner alleged:

> (1) that his plea was invalid because he was not informed that he would waive his privilege against self-incrimination; (2) that his trial attorney was ineffective for guaranteeing Patterson a particular sentence, for telling Patterson that he had to say there were no threats or promises made to get him to plead guilty, that his attorney failed to "take meaningful advantage of the pretrial phase of the adversarial process,"

3

and for not raising the self incrimination issue on direct appeal; (3) that his appellate attorney was ineffective for not raising the issue of the 40 year to 40 year sentence.[1]

(Filing No. 24-2, Attach. 1, at CM/ECF p. 4.)

The Douglas County District Court conducted an evidentiary hearing on Patterson's Post Conviction Motion. (Filing Nos. 10-9, Attach. 8, at CM/ECF pp. 4-43; 10-10, Attach. 9, at CM/ECF pp. 1-57.) On June 21, 2007, the Douglas County District Court denied post-conviction relief as follows:

> Having reviewed the evidence and pleadings the Court finds that the Defendant has failed to sufficiently establish that the Defendant's pleas were made as a result of his trial counsel being ineffective. The representation of his attorneys met the requirement of "counsel" guaranteed by the Sixth Amendment and that the performance of his attorneys was not deficient and did not prejudiced [sic] his defense. In addition the Court finds that no promises were made by trial counsel to the Defendant relative to the sentences that the Court would impose and that the Defendant, due to the efforts of trial counsel, benefited [sic] greatly by the actions of his attorney . . . . The Court further finds that the Defendant was advised of the constitutional rights he was waiving, understood those rights and freely, knowingly, intelligently and voluntarily entered his pleas . . . .

(Filing No. 10-8, Attach. 7, at CM/ECF pp. 39-40.)

---

[1] The Nebraska Court of Appeals summarized the Post Conviction Motion as setting forth these three claims. The court agrees that this is an accurate summary of the claims alleged in the Post Conviction Motion.

### C. Patterson's Post Conviction Appeal

Patterson appealed the denial of post conviction relief. On appeal, Patterson assigned four errors, encompassing Claims One-Parts A-E, Two, Four and Six. (Filing No. 24-2, Attach. 1, at CM/ECF pp. 2-15.) Patterson argued that "(1) the district court abused its discretion by imposing an excessive and invalid sentence, (2) ineffective assistance of trial counsel, (3) the district court failed to advise him of the privilege against self-incrimination, and (4) prejudicial error in sentencing to attempted second degree murder as opposed to first degree assault or a lesser-included offense." (*Id.* at CM/ECF p. 2.) The Nebraska Court of Appeals affirmed the Douglas County District court's decision in a detailed memorandum opinion. (*Id.*) The memorandum opinion addressed only Claims One-Parts A-E, Two, Four, and Six as these were the only claims raised on appeal. Regarding Claim Six, the Nebraska Court of Appeals found that:

> Patterson has already raised this issue on direct appeal and is precluded from raising it again. A motion for postconviction relief cannot be used to secure review of issues which were or could have been litigated on direct appeal, no matter how those issues may be phrased or rephrased. *State v. Jones*, 264 Neb. 671, 650 N.W.2d 798 (2002). See also, *State v. Molina*, 271 Neb. 488, 713 N.W.2d 412 (2006); *State v. Whitmore*, 238 Neb. 125, 469 N.W.2d 527 (1991) (the purpose of affording postconviction relief is not to permit the defendant endless appeals on matters already decided). Patterson also argues that his sentences were invalid because the minimum and maximum portions of the sentences were identical. Patterson's argument that this constitutes a direct violation of the indeterminate sentencing statute is without merit. See, *State v. Marrs*, 272 Neb. 573, 723 N.W.2d 499 (2006); Neb. Rev. Stat. § 29-2204 (Cum. Supp. 2006). To the extent that Patterson's argument is that the minimum portions of the sentences are excessive, he was afforded the opportunity to argue this issue on direct appeal.

5

(*Id.* at CM/ECF pp. 8-9, hyperlinks added.) Regarding Claim Four, the Nebraska Court of Appeals determined:

> Patterson claims that he was not advised that he would waive the Fifth Amendment privilege against self-incrimination if he entered his pleas of no contest. A review of the record from the plea hearing reveals that Patterson was advised that if he went to trial, "[he] could not be required to make any statement or testify, as [he] [has] the right to remain silent." Patterson indicated that he understood his rights. The court then inquired whether Patterson understood that by pleading no contest, he gives up those rights because there will not be a trial at which he could enforce them, to which Patterson answered that he understood. This claim is without merit.

(*Id.* at CM/ECF pp. 11-12.) The Nebraska Court Appeals found that Claim One was also without merit, stating:

> Patterson claims that his trial counsel was ineffective by coercing him into a no contest plea and in promising him a more lenient sentence than the sentence actually imposed. Under *Strickland v. Washington*, Patterson has the burden to show that (1) counsel performed deficiently--that is, counsel did not perform at least as well as a criminal lawyer with ordinary training and skill in the area, and (2) this deficient performance actually prejudiced him in making his defense. . . . A review of the bill of exceptions from the plea hearing, as well as the deposition of trial counsel, supports the district court's conclusion that trial counsel's performance was not deficient and did not prejudice Patterson's defense. The record supports a finding that no promises or threats were made to Patterson in order to induce him to enter a no contest plea. The district court's finding in this regard was not clearly erroneous.

(*Id.* at CM/ECF pp. 9-10.)

6

In addressing Claims One and Two, the Nebraska Court of Appeals noted that "Patterson argues several other instances of ineffective assistance of counsel in his brief on appeal." (*Id.* at CM/ECF p. 10.) Finding that these additional arguments were without merit, the court stated:

> Patterson claims that trial counsel was ineffective for not challenging the amended information, arguing that attempted second degree murder is not a lesser-included offense of first degree assault. Clearly, the State was not limited in its amendment of the charge as suggested by Patterson. Patterson claims that his attorney failed to ensure that he was given 24-hour notice of the amended information, however, the record indicates that Patterson waived this right. Patterson has also failed to show how he was prejudiced by any such alleged failure. Patterson claims that trial counsel failed to assert a "meaningful adversarial challenge," suggesting that counsel should have filed pretrial motions, including a motion to suppress evidence. The record reveals that there was no evidence retrieved from Patterson that could have been the subject of a motion to suppress and at the postconviction hearing, Patterson was unable to suggest any other pretrial actions counsel should have taken. Patterson argues that counsel was ineffective for not objecting to false statements by the prosecutor at sentencing, but Patterson did not raise this allegation in his postconviction motion, no evidence was presented on this issue, and the district court accordingly did not address this issue. Patterson argues that counsel was ineffective on appeal by failing to assert that Patterson's sentence was an invalid indeterminate sentence. Patterson has failed to show that his sentence was invalid and since the excessiveness of the sentence was raised on direct appeal, and the sentence was affirmed, we do not consider this argument further. See *State v. Jones, supra*. Patterson's arguments of ineffective assistance of counsel are without merit.

(*Id.* at CM/ECF pp. 10-11.) In summary, the Nebraska Court of Appeals denied relief on all claims raised by Patterson on appeal.

Patterson filed a timely petition for further review with the Nebraska Supreme Court. (Filing No. 10-15, Attach. 14, at CM/ECF pp. 2-19.) In his petition for further review, Patterson argued Claims One-Parts A-E, Two, Four, and Six. (*Id.*) Thus, Claims One-Part F, Three, Five, and Seven were never presented to the Nebraska Supreme Court. The petition for further review was denied on August 27, 2008, without an opinion. (Filing No. 10-16, Attach. 15, at CM/ECF p. 1.) Petitioner then filed this action on October 10, 2008. (Filing No. 1.)

## II. ANALYSIS

### A. Claims One-Part F, Three, Five, and Seven

#### 1. Exhaustion/Procedural Default

Respondents argue that Claims One-Part F, Three, and Five are procedurally defaulted because Patterson has not presented these claims to the Nebraska state courts. The court agrees and finds that Claim Seven is also procedurally defaulted for the same reason.

As set forth in 28 U.S.C. § 2254(b)(1):

(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–

    (A) the applicant has exhausted the remedies available in the courts of the State; or

    (B) (i) there is an absence of available State corrective process; or
        (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

8

*Id.*

The United States Supreme Court has explained the habeas exhaustion requirement as follows:

> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

*O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A state prisoner must therefore "fairly present" the substance of each federal constitutional claim to the state courts *before* seeking federal habeas relief. *Id.* at 844. In Nebraska, "one complete round" ordinarily means that each § 2254 claim must have been presented in an appeal to the Nebraska Court of Appeals, and then in a petition for further review to the Nebraska Supreme Court if the Court of Appeals rules against the petitioner. *See Akins v. Kenney*, 410 F.3d 451, 454-55 (8th Cir. 2005).

If a claim has not been presented to the Nebraska appellate courts and is now barred from presentation, the claim is procedurally defaulted, not unexhausted. *Akins*, 410 F.3d at 456 n. 1. Under Nebraska state law, "[a]n appellate court will not entertain a successive motion for postconviction relief unless the motion affirmatively shows on its face that the basis relied upon for relief was not available at the time the movant filed the prior motion." *State v. Ortiz*, 670 N.W.2d 788, 792 (Neb. 2003). In such circumstances, when there exists no currently available state court remedy, the claim is procedurally defaulted, not unexhausted, and the petitioner is entitled to an opportunity to demonstrate cause and prejudice to excuse the default. *Akins*, 410 F.3d at 456 n. 1.

9

Here, Patterson did not invoke "one complete round" of the Nebraska appellate review process on Claims One-Part F, Three, Five, and Seven. Patterson did not present any claim other than his excessive sentence claim in his direct appeal. (Filing No. 10-3, Attach. 2, at CM/ECF pp. 1-11.) Further, Patterson did not argue Claims Three, Five, and Seven at any stage of the post conviction proceedings. Although Patterson raised Claim One-Part F in his post conviction appeal, the Nebraska Court of Appeals could not address this claim because Patterson failed to raise it in his Post Conviction Motion. (Filing No. 24-2, Attach. 1, at CM/ECF p. 11.) Simply put, Patterson has not exhausted Claims One-Part F, Three, Five, and Seven in the state courts. Patterson is now barred from doing so because he cannot submit a second motion for post conviction relief where, as here, the basis for relief was clearly available at the time of his first Post Conviction Motion. *See Ortiz*, 670 N.W.2d at 792. Therefore, these Claims are procedurally defaulted.

2. Cause and Prejudice

To excuse a procedural default, a petitioner must demonstrate either cause for the default and actual prejudice as a result of the alleged violation of federal law, or, in rare cases, that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Although there is no precise definition of what constitutes cause and prejudice, "the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Strickler v. Greene*, 527 U.S. 263, 283 n. 24 (1999). Additionally, the Eighth Circuit has held that ineffective assistance of counsel at the state post conviction stage is not sufficient to constitute "cause" to excuse the procedural default of a habeas claim. *Armstrong v. Iowa*, 418 F.3d 924, 927 (8th Cir. 2005).

Patterson does not argue cause and prejudice which would excuse his procedural default. Summarized, Patterson instead argues that he believes these claims are exhausted and he argues the merits of each defaulted Claim. (Filing No. 21.) However, the court has carefully reviewed all of the pleadings and it is clear that Patterson failed to raise Claims Three, Five, and Seven in his Post Conviction Motion and related appeal. Separately, as noted by the Nebraska Court of Appeals, Patterson did not raise Claim One-Part F in his Post Conviction Motion and the appellate court could not consider that Claim. (Filing No. 24-2, Attach. 1, at CM/ECF p. 11.) Patterson has not submitted any argument or evidence which shows that he, or his counsel, were objectively impeded from pursuing these defaulted Claims at any stage of the state-court proceedings.[2] Because Patterson has not demonstrated cause and prejudice to excuse his procedural default, Claims One-Part F, Three, Five, and Seven are dismissed.

### B. Remaining Claims

#### 1. Standard of Review

When a state court has adjudicated a habeas petitioner's claim on the merits, there is a very limited and extremely deferential standard of review both as to the facts and the law. *See* 28 U.S.C. § 2254(d). With regard to the deference owed to factual findings of a state court's decision, a federal court is bound by those findings unless the state court made a "decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). Additionally, a federal court must presume that a factual determination

---

[2]Patterson does not argue that he is entitled to relief based on a "fundamental miscarriage of justice" or because he is actually innocent. Regardless, the court has independently reviewed the record in this matter and finds that the record does not support such claims.

made by the state court is correct, unless the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

Further, section 2254(d)(1) states that a federal court may not grant a writ of habeas corpus unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). As explained by the Supreme Court in *Williams v. Taylor*, 529 U.S. 362 (2000), a state court acts contrary to clearly established federal law if it applies a legal rule that contradicts the Supreme Court's prior holdings or if it reaches a different result from one of that Court's cases despite confronting indistinguishable facts. *Id.* at 399. Further, "it is not enough for [the court] to conclude that, in [its] independent judgment, [it] would have applied federal law differently from the state court; the state court's application must have been objectively unreasonable." *Rousan v. Roper*, 436 F.3d 951, 956 (8th Cir. 2006). This high degree of deference only applies where a claim has been adjudicated on the merits by the state court. *See Brown v. Luebbers*, 371 F.3d 458, 460-61 (8th Cir. 2004) ("[A]s the language of the statute makes clear, there is a condition precedent that must be satisfied before we can apply the deferential AEDPA standard to [the petitioner's] claim. The claim must have been 'adjudicated on the merits' in state court.").

### 2. Claim One-Parts A-E and Claim Two

For his Claims One-Parts A-E and Two, Patterson argues that his trial and appellate counsel was ineffective. (Filing No. 6 at CM/ECF pp. 1-2.) A claim of ineffective assistance of counsel is reviewed under the two-pronged standard of *Strickland v. Washington*, 466 U.S. 668, 694 (1984). In particular, *Strickland* requires that the petitioner demonstrate both that his counsel's performance was deficient, and that such deficient performance prejudiced the petitioner's defense. *Id.* at 687; *see*

12

also *Bryson v. United States*, 268 F.3d 560 (8th Cir. 2001); *Williamson v. Jones*, 936 F.2d 1000, 1004 (8th Cir. 1991).

The first prong of the *Strickland* test requires the petitioner to demonstrate that his attorney failed to provide reasonably effective assistance. *Strickland*, 466 U.S. at 687-88. In conducting such a review the courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. The second prong requires the petitioner to demonstrate "a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694; *see also Hubbeling v. United States*, 288 F.3d 363, 365 (8th Cir. 2002). A court need not address the reasonableness of the attorney's skills and diligence if the movant cannot prove prejudice under the second prong of this test. *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996) (quoting *Cheek v. United States*, 858 F.2d 1330, 1336 (8th Cir. 1988)). Further, as set forth in *Strickland*, counsel's "strategic choices made after thorough investigation are virtually unchallengeable" in a later habeas corpus action. 466 U.S. at 689.

The Douglas County District Court held an evidentiary hearing, which included both the deposition testimony of Patterson and the deposition testimony of Patterson's trial and appellate counsel. (Filing No. 10-9, Attach. 8, at CM/ECF pp. 4-6.) As set forth above, after considering all of the evidence, the Douglas County District Court determined that Patterson's trial and appellate counsel was not ineffective, specifically finding that "Defendant has failed to sufficiently establish that the Defendant's pleas were made as a result of his trial counsel being ineffective. The representation of his attorneys met the requirement of "counsel" guaranteed by the Sixth Amendment and that the performance of his attorneys was not deficient and did not prejudiced [sic] his defense." (Filing No. 10-8, Attach. 7, at CM/ECF pp. 39-40.)

The Nebraska Court of Appeals also considered Patterson's arguments and found that Patterson's trial and appellate counsel was effective. In applying

13

*Strickland*, the Nebraska Court of Appeals stated that "[a] review of the bill of exceptions from the plea hearing, as well as the deposition of trial counsel, supports the district court's conclusion that trial counsel's performance was not deficient and did not prejudice Patterson's defense." (Filing No. 24-2, Attach. 1, at CM/ECF p 10.) In short, the Nebraska Court of Appeals carefully considered the record and determined that "Patterson's arguments of ineffective assistance of counsel are without merit." (*Id.* at CM/ECF p. 11.)

As set forth above, the court must grant substantial deference to the Nebraska state court decisions. The court has carefully reviewed the record in this matter and finds that the Nebraska state court decisions are not "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). Patterson has not submitted any evidence, let alone clear and convincing evidence, that the Douglas County District Court or the Nebraska Court of Appeals was incorrect in any of its factual determinations. 28 U.S.C. § 2254(e)(1). The grant of a writ of habeas corpus is not warranted here because the Nebraska state courts correctly applied *Strickland* and other Supreme Court holdings. In light of these findings, Patterson's Claims One-Parts A-E and Two are dismissed.

### 3. Claim Four

For his Claim Four, Patterson argues that he is entitled to habeas corpus relief because he was not properly advised of his right to be free from self incrimination prior to entering his no contest plea. (Filing No. 6 at CM/ECF p. 2.) Regarding this Claim, the Nebraska Court of Appeals determined:

> Patterson claims that he was not advised that he would waive the Fifth
> Amendment privilege against self-incrimination if he entered his pleas
> of no contest. A review of the record from the plea hearing reveals that

> Patterson was advised that if he went to trial, "[he] could not be required to make any statement or testify, as [he] [has] the right to remain silent." Patterson indicated that he understood his rights. The court then inquired whether Patterson understood that by pleading no contest, he gives up those rights because there will not be a trial at which he could enforce them, to which Patterson answered that he understood. This claim is without merit.

(Filing No. 24-2, Attach. 1, at CM/ECF pp. 11-12.) It is clear from the record that Patterson was advised of his Fifth Amendment rights prior to entering his plea. Again, Patterson has not submitted any clear and convincing evidence that the Nebraska Court of Appeals was incorrect in any of its factual determinations or that the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); 28 U.S.C. § 2254(e)(1). Patterson's Claim Four is therefore dismissed.

### 4. Claim Six

Patterson's remaining claim, Claim Six, relates to the validity of his sentence. (Filing No. 6 at CM/ECF p. 2.) Regarding Claim Six, the Nebraska Court of Appeals found that:

> Patterson has already raised this issue on direct appeal and is precluded from raising it again. A motion for postconviction relief cannot be used to secure review of issues which were or could have been litigated on direct appeal, no matter how those issues may be phrased or rephrased. *State v. Jones*, 264 Neb. 671, 650 N.W.2d 798 (2002). See also, *State v. Molina*, 271 Neb. 488, 713 N.W.2d 412 (2006); *State v. Whitmore*, 238 Neb. 125, 469 N.W.2d 527 (1991) (the purpose of affording postconviction relief is not to permit the defendant endless appeals on matters already decided). Patterson also argues that his sentences were invalid because the minimum and maximum portions of the sentences were identical. Patterson's argument that this constitutes a direct

15

> violation of the indeterminate sentencing statute is without merit. See, *State v. Marrs*, 272 Neb. 573, 723 N.W.2d 499 (2006); Neb. Rev. Stat. § 29-2204 (Cum. Supp. 2006). To the extent that Patterson's argument is that the minimum portions of the sentences are excessive, he was afforded the opportunity to argue this issue on direct appeal.

(Filing No. 24-2, Attach. 1, at CM/ECF pp. 8-9, hyperlinks added.) As with the rest of his Claims, Patterson has not submitted any clear and convincing evidence that the Nebraska Court of Appeals was incorrect in any of its factual determinations or that the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1)-(e)(1).[3] Additionally, any claim that Patterson's sentence violated a state statute or was excessive under Nebraska law is a question of state law only and may not be raised in a federal habeas corpus action. *Middleton v. Roper*, 455 F.3d 838, 852 (8th Cir. 2006) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.") (quotation omitted). In light of this, Patterson's Claim Six is also dismissed.

IT IS THEREFORE ORDERED that:

1.   Petitioner Henry E. Patterson Jr.'s Petition for Writ of Habeas Corpus (filing no. 1) is dismissed with prejudice.

2.   A separate judgment will be entered in accordance with this Memorandum and Order.

---

[3]Patterson's Claim Six is unclear and confusing. The court has done its best to summarize and resolve this Claim. To the extent that Patterson claims that his sentence is invalid because the trial court stated that Patterson was not eligible for parole or for some other reason, these arguments are procedurally defaulted in accordance with the principles set forth above, because they were never presented to any Nebraska state court.

16

June 9, 2009.					BY THE COURT:

						*s/Richard G. Kopf*
						United States District Judge